THE NEWTON MANUFACTURING COMPANY, plaintiff in error, *vs.* H. & T. M. WHITE, defendants in error.

1. Where an action brought against a corporation by its corporate name, was proceeding in Court, and such defendant pleaded that it was dormant, and not using its franchises conferred by its charter, and the evidence under such plea was rejected by the Court, and the record shows that the corporation was created under the Act of 1847, adopting the name of the "Newton Manufacturing Company," and that by such name it had commenced business, and that one party had purchased out and took sole control and ownership of the stock and property, and that under the same name, the business was continued after such purchase, the same agents remaining in the ordinary and accustomed discharge of duty, the books appertaining to the business, and brands or stamps upon the manufactured goods being carried on unchanged, and that in the case before the Court, certain cotton was procured for the Newton Manufacturing Company, contracted for by an agent in its name and received by it:

*Held*, That the fact of one becoming the owner of all the shares of stock and property of said company, did not, under the facts, render the corporation dormant, or forfeit the franchise of the company; and as long as the company, by its officers and agents or owner, carried on the business in the corporate name, it was by that name liable to suit for all contracts made in its name, and the right of suit exists until the liability so incurred was discharged, and it was not error in the Court to disallow testimony of dormancy, which would have been neither pertinent nor material.

2. Where, upon contract entered into for cotton, the party had his election to require the return of the cotton at places specified, or payment in money therefor:

*Held*, That a demand for settlement, and refusal to pay for the cotton, dispensed with any formal notice of election, and constituted sufficient demand and notice before the institution of suit to predicate the action.

3. When, in the progress of the case, evidence was rejected by the Court, to the effect that at the time the contract sued on was alleged to have been entered into by the defendant, a party was the owner in fact of the property of such Newton Manufacturing Company, evidence having been offered to show such dormancy of the corporation:

*Held*, Under the facts where the business was carried on in the charter-name, with the knowledge of the said stock-owner, and under such name the contract sued upon, by the agent of such company was entered into, that the evidence was not material to the issue in the case, as it made no difference as to the fact of who owned the property. If the

The Newton Manufacturing Company *vs.* White.

business was carried on in the corporate name without notice to the public of such sale or transfers, the suit was properly brought against the corporation.

4. Where in a matter of fact evidence has been submitted to the jury, and the charge of the Court has fairly presented the questions at issue and the law thereon to them, and they have found a verdict sustained by such testimony:

*Held,* That this Court will not grant a new trial or reverse the Court below refusing to grant a new trial upon this ground.

Corporations. Pleading. Evidence. Agency, etc. Before Judge GRENN. Newton Superior Court. September Term, 1870.

H. and T. M. White brought against the Newton Manufacturing Company, a corporation, an action for certain cotton alleged to have been sold by them to defendant on the 1st of July, 1865, at fifty cents per pound, in one count, and in another for certain cotton on that day loaned by them to defendant upon its promise to pay for it at said price or return it in kind, on demand; and they averred a demand, and a refusal by defendant to pay or return the cotton in kind. Service was by leaving it at defendants' "most notorious place of business." In March, 1867, defendant pleaded the general issue. In March, 1868, they had a verdict for $3,600 00, with interest from the first of April, 1866. The defendant appealed and gave bond in the corporate name, with W. R. Phillips, and another, as securities. Defendant pleaded, in November, 1868, that, from 1861, up, it did not exercise any of its franchises, had no officers or agents appointed, according to its by-laws, and was incapable of contracting or performing any of its corporate functions, but on the contrary, was dormant, and in a state of suspension. This plea was then and there stricken, because pleaded too late. Plaintiffs had another verdict for $3,117 68. A new trial was granted, plaintiffs excepted, and their bill of exceptions was dismissed here, at June Term, 1869. See 38th Georgia Reports, 587.

In September, 1870, the defendant further pleaded, that the cotton was bought by it to aid "the rebellion," and repeated the plea of disability substantially, as aforesaid, with the addition that, at the time of the alleged contract, defendant and its members had transferred its franchises and property to one person, who was not a member of the corporation, before the making of said alleged contract.

One Thompson testified that he borrowed the cotton from one of the plaintiffs, at the instance of W. R. Phillips and W. F. Davis, upon the understanding that Phillips, or the Newton Manufacturing Company would pay for it or return it in kind, on demand. Phillips was the owner and chief controller of the factory; Davis was managing the affairs of the Company, and had been for several years. Davis told witness the cotton was received.

Upon cross-examination, he said they did business under the name of the Newton Manufacturing Company. None of the original corporators had any concern in said Company; so far as he knew, W. R. Phillips was sole owner and controller. He remembered the terms of this contract, because he made one for himself with Phillips on same terms, and Phillips gave him a receipt for it, stating that "The Newton Manufacturing Company" had borrowed, etc., and Davis or Phillips signed the receipt "as agent."

White testified that he let Thompson arrange for the Newton Manufacturing Company to take the cotton; did not know Phillips was sole owner; and testified to a demand for settlement and refusal before suit begun. The plaintiffs proved the price of cotton, and closed. White's and Phillip's sayings and acts were objected to, and defendant moved to rule them out, but the motion was overruled.

Defendant read, in evidence, the Act of Incorporation of said Company, as a joint stock company, in 1847, to show who were the stockholders, and tendered deeds, etc., to show that all of them had sold out to Phillips before this trade was made. The Court ruled them out, saying that no evi-

dence tending to show the dormancy or suspension of the Company was admissible, because the plea of dormancy and suspension was a plea in abatement, and dilatory, and was filed too late, being after pleas to the merits.    Defendant read, in evidence, the declaration in this cause, for what purpose does not appear.    Other evidence of dormancy and suspension was offered and rejected.

Phillips then testified that up to August 20th, 1863, he signed, as agent for the Company, but having then bought all the stock and franchise, he ever afterwards did business as an individual, and signed Newton Factory, instead of the corporate note. And he said White knew he was sole owner, and went with him to get the hands detailed for the Confederate Government, and that he ran the factory for that government, and took pay in its bonds. He said he was individually responsible for this cotton, and would pay upon settlement of accounts with White.    He denied signing Thompson's receipt for the Company, but said he signed for Newton Factory, though he said he had seen his agents using the corporate name and did not object, but recognized it by paying bills, etc.; he did not use the corporate name, but used "Newton Factory," in branding goods, etc.; he notified no one of the change of name, except the Secretary of the Governor.    He denied the demand.

White testified that Phillips acted without appointment, as agent, and he acted for Phillips.    The Court would not allow him to state when the corporation last had a meeting of its directors, etc.

He testified that when he spoke to Thompson he spoke as agent of the Company, but said he was then acting for Gardner who had control before Phillips did; but he said he signed usually as agent of the Company, and all his signatures of that kind were recognized.

In rebuttal, one Pennington testified, that he was employed by the Company before and after Phillips came there, up to March 1865, and he gave receipts whenever one was given

for anything bought in the corporate name by Phillips' order. Phillips told him to sign, "The Newton Manufacturing Company," not "W. R. Phillips;" "that he did not wish it known that he was the Newton Manufacturing Company. There was a mass of other evidence as to the delivery of the cotton not here important. In the opening argument plaintiff's counsel commented on "the fallacy" of the plea of dormancy to the jury. The Court would not allow defendant's counsel to reply to this to the jury, but said it was a question for the Court.

The Court first charged the jury upon his own line, and then took up the requests of plaintiff's and defendant's counsel, and disposed of them as appears below.

The Court having been requested to reduce his charge to writing, charged as follows:

1st. "This is an action of assumpsit, brought by H. and T. M. White against the Newton Manufacturing Company, upon an account for nine thousand and five hundred pounds of ginned cotton, alleged by plaintiff to have been loaned and delivered on or before the first day of July, 1865, to the Newton Manufacturing Company, to be returned in kind or paid for, as plaintiffs might elect, when demanded by them. Plaintiffs also allege that they demanded and requested settlement of the account for the cotton sued for before this action.

"The Court charges you, that if you believe from the evidence submitted to you that plaintiffs loaned to the defendants cotton as charged and alleged in the declaration, and that a demand or request was made by plaintiffs before the commencement of this action for payment, you will find a verdict for plaintiffs for whatever amount you may believe has been proven.

2d. "The defendants deny that they ever borrowed any cotton from plaintiff; and alleged that the cotton now sued for was received by Wm. R. Phillips, in exchange and payment of cotton due from one of the plaintiffs, Hugh White, upon

an individual transaction for cotton to said Phillips, and was not on defendant's account. If, from the evidence before you, you come to this conclusion, you will find a verdict for defendants and cost of suit, unless you find that defendants adopted the contract, and received the benefit. (To this charge, defendants excepts and assigns the same as error.)   The Court further charges you that if you believe that Wm. R. Phillips borrowed the cotton, either by himself or through an agent on his own individual account, then you must find for the defendant.   But if you believe from the evidence that Wm. R. Phillips was the general agent and controller of the Newton Manufacturing Company, and borrowed this cotton— subject matter of suit—either by himself or by an agent authorized by him, for the use of Newton Manufacturing Company, and that the credit was given to defendant, then your verdict will be for the plaintiffs.

3d. "And the Court charges you that if you believe from the proof that the cotton sued for, although the joint property of plaintiff's, was delivered to the Newton Manufacturing Company in exchange for cotton due from one of the plaintiffs, to-wit: Hugh White to Wm. R. Phillips, then it will be your duty to find for the defendant.   The Court charges you that if the cotton was loaned to defendant to be used in aid of the rebellion, with the knowledge of the plaintiffs, the contract is void, and you must find for defendants.   If, however, you believe from the evidence that the cotton was not delivered until after the surrender of the Confederate armies, although contracted to be loaned before that time, you must find for plaintiffs.

"The question whether Newton Manufacturing Company be dormant or not, is not before you, and the Court charges you that you have nothing to do with it.   The only question for you to determine, is whether the Newton Manufacturing Company is liable upon the contract sued upon.   This you must ascertain from all the evidence submitted to you, and make your verdict accordingly.   (To this latter part of the

charge defendant excepts and assigns the same as error.)  You must reconcile the testimony of the witnesses if you can, without imputing perjury to any.

"Where the testimony of plaintiffs and defendants is equally balanced, you must find for defendant.   But, if it slightly preponderates in favor of plaintiffs, then your verdict should be in favor of the weight of testimony.   In estimating testimony you may look to their interest, manner and means of knowledge of the fact or transactions about which they testify.   If you, from the evidence, conclude to find for plaintiffs, you must ascertain first the amount of cotton, and then ascertain the price of cotton at the time of the demand by plaintiffs, (if there was one,) and the whole value of the cotton will be your verdict, with interest on the amount from that date.   And on the other side, if you conclude to find for defendant, you will bring in your verdict: 'We, the jury, find for defendant with cost of suit.'"

The Court then charged the jury as requested by plaintiff's counsel, as follows:

1st.  "That if those in control of the factory carried on business in the name of Newton Manufacturing Company, by signing receipts in its name by themselves as agents; and kept books in its name, signed papers incurring obligations in its name, and especially if William R. Phillips, if he had general control, directed any of its agents to continue that name in signing receipts, etc., then W. R. Phillips, or those thus acting, are estopped from denying either the existence of said corporation, or that such agents were not regularly appointed; for they will not be allowed to proclaim to the world that such a corporation existed, and such persons were its agents and then deny it.

2d.  "If the jury believe that there is such a corporation as the Newton Manufacturing Company, and that it ever did business, and William R. Phillips took control of its business, and used its name and received for its use cotton belonging to the Whites, under a contract to account for it,

The Newton Manufacturing Company *vs.* White.

then both the corporation and Phillips, would be liable, as the Whites might elect. Phillips would be liable for the fraud in using said name, if not authorized to do so. The corporation would be liable by suffering its name to be thus used, to the prejudice of innocent parties. But in this suit the corporation alone, could, under this state of facts, be made liable, for it is the only defendant.

3d. "Innocent outside parties are not required to scrutinize closely the legality of the appointment of agents, who are held out to the world as such by those in control of the business about which said agents are employed."

4th. "That if the jury believe from the evidence that the Perry cotton was loaned to defendant through Thompson, and on the terms by him stated, and that a demand and refusal have been proven by plaintiffs before suit, then the plaintiffs are entitled to recover the value of the Perry cotton as proved."

Defendant's counsel requested the Judge, in writing, to charge the jury, 1st, "That an agent is not able or authorized to appoint an agent, unless he is authorized so to do by his principal. In application of this principle, if the witness Thompson was authorized by either or both, W. F. Davis or William R. Phillips, (who were themselves only agents) to borrow the Perry cotton, that is, the cotton sued for in this case, then he had no authority to borrow the cotton, and the defendant would not be bound by the terms of the contract made by Thompson. In such case, if the defendant, Newton Manufacturing Company, received the cotton, it would be liable for what it was worth when it received it; but not upon the terms made by an unauthorized agent; to look to the facts and see whether or not, Thompson was a properly authorized agent." This charge the Court refused to give as requested, but changed the request so as to make it read: "If the witness, Thompson, was authorized by W. F. Davis, (who was himself only an agent) to borrow the Perry cotton, then he had no authority to borrow the cotton,

and the defendants would not be bound by the terms of the contract made by Thompson, unless ratified by defendant."

The Court added: "If Thompson was authorized by W. R. Phillips, his acts are binding upon defendant, or binding upon defendants if adopted by the Company."

Defendant's counsel requested the Court, in writing, to charge the jury, 2d, "That if the (defendant) Newton Manufacturing Company borrowed the cotton in question from the plaintiffs, to be returned in kind at a certain place or places when called for by plaintiffs, or to be paid for in money at the option of the plaintiffs, then it devolves upon the plaintiffs to prove that they notified the defendants of their election to take the money instead of the cotton in kind, before they can bring suit; and if it is not in proof that the plaintiffs gave such notice, then they are not entitled to recover. The Court gave the latter request to charge, but added the following: "In addition or qualification or explanation of the request by defendant's attorney, the Court charges you, that if they demanded or requested a settlement of the account sued for before commencement of the action, and defendant refused, it is sufficient notice."

The defendant's counsel requested the Court, in writing, to charge the jury: If the defendant, a corporation, was at the time of the contract, not doing business, had no officers or a board of directors, but had ceased to hold its meetings and to appoint agents or officers, then it was not able to contract, and could assume no liability, and the plaintiffs would not be entitled to recover." The Court refused to give the foregoing request in charge to the jury. Defendant requested the Court, in writing, to charge the jury as follows: A judgment rendered in this case against the defendant would not bind W. R. Phillips or his property. It would only bind the corporation and its property, if it has any."

The jury returned a verdict for the plaintiff for the sum of $3,450 47, principal and interest.

The defendant's counsel moved for a new trial, upon the

The Newton Manufacturing Company *vs.* White.

grounds that the verdict was contrary to law and the evidence, etc., and that the Court erred in admitting the sayings of Phillips & Davis, because they were not agents of the defendants; in rejecting the evidence of sole ownership in Phillips, and all evidence tending to show dormancy and suspension of the corporation; in each of his charges as stated; in giving each of the requests of plaintiff's counsel, and in each of his refusals or modifications of the requests of defendant's counsel. The new trial was refused and error is assigned on each of said grounds.

J. J. FLOYD, P. L. MYNATT.   D. F. HAMMOND, for plaintiff's in error, Corporations cannot act without officers: Ang. and A. on Corp., sec. 771; Grant on Corp., 313, and 316; 3 Watts, 66; 1st Paige, 560; R. Code, sec. 1679; 57 Penn. St. R., 417.   One may plead his incapacity: R. Code, sec. 2694.   Plea of dormancy not dilatory: 3 Bl. Com., 307; 1 Chitty Pl., 444, 449; Gould's Pl., 41; 39th Ga. R., 186. As to demand: 8th Ga. R., 178; 10th, 560; 2d Par. on Con., 675-6; Chit. on Con., 628.   Adoption of contracts: 36th Ga. R., 56.   Third charge hypothetical: R. Code, sec. 2153.   Estopple: R. Code, sec. 3700; 1 Phil. Ev., 453 *et seq.* Assumed agency: R. Code, sec. 2152, 2156, 2158, 2168; Story on Agency, sec. 45.   Principal's knowledge and assent necessary: 14th Ga. R., 136.   Ratification: Lou. M. Law, 160; R. Code sec. 2185, 3192; 16th Mass. R., 461; 9th Serg. and R., 212.   No proof of prejudice by use of name: 1st Phil. Ev., 460 note; 465 note.   This charge distracts jury from issue: 15th Ga. R., 285; 2d, 310.   Agency must be established before agent's sayings admissible: 12 Serg. and R., 34; 6th Ga. R., 372, and must be of the *res gestœ*: R. Code, sec. 2180; 26th Ga. R., 111; 29th, 399, 469.

CLARK & PACE, PEEPLES & STEWART, A. M. SPEER, for defendants, furnished no brief to Reporter.

LOCHRANE, C. J.

This was an action brought by the WHITES against the plaintiff in error, for the recovery of certain cotton, alleged to have been received by them under contract. The record is voluminious and embraces the evidence of many witnesses upon questions of fact, found by the jury. We do not propose to review the testimony, as the controlling question of the case turns upon the law governing corporations, and its application to the theory of defense relied on by the defendant below.

The action was brought in the ordinary form of assumpsit, to the March Term of Newton Superior Court. The return of the sheriff upon the 26th February, 1867, is "I have this day served Newton Manufacturing Company with a copy of this writ, by leaving it at their most notorious place of business." At the proper term the defendant appeared by counsel and pleaded the general issue. Upon these pleadings the case went to the jury, and a verdict was found for the plaintiff. An appeal was entered, and when the case came on for trial, the defendant pleaded "that at the time of the several supposed promises and undertakings, etc. : to-wit: in the year 1865, and for several years previous thereto, to-wit: the year 1861, the defendant was not using or exercising any of the franchises conferred by its charter, that it had no officers or agents, appointed in accordance with its by-laws, and was not capable of making contracts or performing any of the functions of its corporate existence, but on the contrary was dormant or in a state of suspension," etc. The Court below held that this plea was filed too late, and disallowed any evidence under it, showing, as a corporation, it was incapable of making the contract or was not operating within the forms of a charter.

The jury found for the plaintiffs, and a motion for a new trial, on several grounds, was made and overruled by the Court, and the case comes before us by exceptions to the judgment of the Court refusing a new trial.

The Newton Manufacturing Company *vs.* White.

This corporation was created under the Act of 1847, Cobb's Digest, 439, and is found under the classification of "Joint Stock Companies." The parties, associating under this general Act of the Legislature, as the "Newton Manufacturing Company," it appears by the record, originally consisted of eight persons, who published, by requirement of the law, their association. In this manner the company began business, and W. R. Phillips in 1863, by purchase of the stock, became exclusive owner and controlled the *Factory*. Did this concentration of the stock in the hands of one single *owner* destroy the *corporate* rights and franchises of the "Newton Manufacturing Company?" Under the peculiar character of this association, under the law, we do not feel authorized to hold that such a purchase necessarily destroyed the franchise; the object of the association was to carry on business under a corporate name; and when we find that the business was continued under that name, no matter whether there was one or one hundred owners of stock, the corporate name was equally within the power of the one as of the one hundred to use and to carry on the business. Nor was it necessary that by-laws in fact should have been made, or officers elected. These powers could or could not be exercised at the option of the owner or owners of the stock, and property of said company. All such rules and regulations for the government of the business was a matter between the parties in interest, and except published or brought to the notice of strangers, did not effect them: Code sec. 1679. And the fact that, in an association under the Act of 1847, one of the stockholders finally buys up and owns all the stock and property of the balance, and the whole lodges in him, does not deprive such person from the use and rights of the charter, to carry on the business, under the name adopted; and the fact of being the sole owner, if he goes on, and uses such *name*, does not abate suits at law or equity filed against such corporation, although individual property. No corporation once legally existing dies, in contemplation of

law, without some act forfeiting its franchises, but it will be recognized by the law, as long as it carries on its legitimate business, in its corporate name, and through agents and persons who use that name in its trade or business. It would be an anomalous doctrine, that one should purchase all the stock of such a joint stock company, privately, and without giving notice of such ownership, should carry on the business, use the corporate name, brands, stamps and trade-marks, and keep books in its name, buy and sell in its name, and be permitted to plead its dissolution, when sued by the very name in which it contracted, in violation of the terms of its existence, that it could sue and be sued by that name.   Every corporation speaks by men, and its artificial existence blends with that of its agents and officers.   The corporate name is nothing without the living men who use that name ; but when used by those who are its proper agents, it is liable by that name to suit under the provisions of its charter.   The position this case occupies from the evidence is, that the Newton Manufacturing Company continued to do business, under its corporate name, its agents contracted, in its name, with the plaintiffs, the receipt was in its name, and it was not dead nor dormant so far as the parties to this case are concerned.   If it was alive to make this contract, the right of suit continues until the liability is discharged.

If Mr. Phillips had, after his purchase of the stock, done business openly in his own name, this would have ended the corporate name.   But from this record he used the corporate name to transact the business.   Pennington swears that he gave receipts for Newton Manufacturing Company under the order of Phillips: " he directed me to sign for Newton Manufacturing Company," not for " W. R. Phillips," that he did not want it known that he was the " Newton Manufacturing Company."   Every witness in the case substantially sustains this material fact, and we, therefore, are of the opinion that, inasmuch as the Newton Manufacturing Company went on under its name to transact its business, it was liable, in that

name, to sue and be sued, and it was not error in the Court to disallow testimony of its dormancy, under the pleadings.

2. The next question material to the case is whether under the contract as proven, demand and notice of the election was necessary before the institution of the suit.   In the view the Court below held of this question we concur, and his charge, in our opinion, left the matter fairly to the jury.   His charge was " that if they demanded or requested a settlement of the account sued for before the commencement of the action and defendant refused it, it is sufficient notice."   There was testimony on this subject sufficient to invoke the charge and sustain the finding of the jury theron.

Several exceptions to the charge of the Court were made and are assigned as error; but the general prevailing sentiment of exception is based on the first ground we have discussed, and after carefully examining the charge of the Court, under the law and facts of this case, we are satisified that the points in issue were fairly stated for their adjudication, and we are satisfied with the verdict under the rule of this Court so often repeated, that, except in cases where the verdict is decidedly against the weight of evidence, we will not interfere with the province of the jury.

Judgment affirmed.