55155, 55156. STURDIVANT et al. v. CHAPMAN; and vice versa.

MCMURRAY, Judge.

Plaintiff Chapman is an independent insurance agent who obtained insurance for defendants. When plaintiff was not paid for the policies, he requested the insurers to cancel, and he sued defendants for amounts owed him.

All shares of the corporate defendants were owned by the individual defendant, Roddy Sturdivant. On April 19, 1976, Mr. Chris Doughtie, an officer of each of the corporate defendants, acting at the direction of Sturdivant, and in his capacity as an officer of defendant Roddy Sturdivant Enterprises, Inc. contacted plaintiff for the purpose of obtaining certain insurance coverage for all of the defendants' various activities, as well as coverage for other corporate defendants, all shares of which were also owned by Roddy Sturdivant. No specific

understanding was had between the parties relative to which, if any, of the defendants would be liable for the indebtedness in connection with the insurance coverage.

Defendant Roddy Sturdivant's personal endorsement for the premiums on the insurance coverage was sought by plaintiff at a later date, but he declined to personally guarantee or endorse the indebtedness for the insurance coverage.

The insurance policies were written and plaintiff paid the premiums to the issuing company. An effort to obtain a premium financing arrangement through a financing company was initiated, but the premium financing arrangement was aborted, and no payment was received to reimburse plaintiff the sum he had paid for the premiums. Plaintiff then instructed the insurance company to cancel the policies because of nonpayment of the premiums. Plaintiff initiated this action to recover the sum he had paid as premiums for the insurance policies.

The defendants do not contest the balance due for premiums on each policy, but dispute which of the party defendants are liable for the unpaid premiums. The trial court concluded that Roddy Sturdivant Enterprises, Inc., having procured all of the subject insurance coverage through its officer and agent (Doughtie), is liable for the total earned premiums. The trial court further held that the actual named insureds who were and would have been the beneficiaries of coverage thereunder, and had knowledge of the coverage imputed to them through their principal officer Roddy Sturdivant are responsible for the premiums. Accordingly, the court held that Oak Properties, Inc. was jointly liable with Roddy Sturdivant Enterprises, Inc. for the premium on the workmen's compensation insurance policy; and defendant Roddy Sturdivant, individually, was jointly liable with Roddy Sturdivant Enterprises, Inc. for the premium on the general liability and automobile liability insurance policy and three dwelling casualty policies which named Roddy Sturdivant as the sole named insured thereunder. The court also held R.S.E. Builders, Inc. jointly liable with Roddy Sturdivant Enterprises, Inc. for the premiums on two other dwelling casualty policies.

Defendants appeal, enumerating several alleged

errors in the trial court's allocation of liability for the premiums paid on the workmen's compensation insurance and the general liability and automobile liability policy; the denial of defendants' motion to make additional findings of fact and to amend the judgment of the trial court; and in denying defendants' motion for new trial. *Held:*

1. All of the defendants were listed as insured parties under both the general liability and automobile liability insurance policy and the workmen's compensation policy. The evidence clearly indicated however that not all insured parties under each policy received any benefits or incurred any risks in connection with the type of coverage afforded by such policy. In determining which defendants were liable under these policies the trial court did not extend liability to those of the defendants who did not in fact receive any actual coverage under those policies. For example, Elm Properties, a land holding company, incurred no risk under the workmen's compensation policy and was held to have no liability thereunder. We agree with this reasoning of the trial court. The court has determined the various defendants to be liable under the policies as written. Further division as to liability of each defendant under said policy involves the question of contribution as between those defendants. See Code § 37-303. See also *Black v. Davidson,* 65 Ga. App. 780 (2) (16 SE2d 525). The court did not err in concluding that the defendant Roddy Sturdivant Enterprises, Inc. is under appropriate agency and contract principles liable for the total premiums earned. Code § 4-404 (5); *Henry Darling, Inc. v. Harvey-Given Co.,* 40 Ga. App. 771 (3) (151 SE 518); *Field v. Price,* 50 Ga. 136, 139 (1).

2. The plaintiff cross appealed contending that the trial court erred in not piercing the corporate veil and entering judgment against the individual defendant (Sturdivant) for the total amount due for the policy premiums. It is true that under appropriate circumstances the corporate shield may be pierced, but here we have no evidence of fraud, misrepresentation or any other misconduct or abuse of the corporate structure so as to compel the trial court to disregard the concept that

a corporation is generally viewed as a separate entity from the shareholders even where all shares are owned by one individual. *Byrd v. Brand,* 140 Ga. App. 135, 136 (1) (230 SE2d 113); *Midtown Properties, Inc. v. George F. Richardson, Inc.,* 139 Ga. App. 182, 185-186 (4) (228 SE2d 303).

*Judgments affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 12, 1978 — DECIDED APRIL 19, 1978 —
REHEARING DENIED MAY 17, 1978 IN CASE NO. 55155.

*Harland, Cashin, Chambers, Davis & Doster, Thomas J. Venker,* for appellants.

*Ervin, McCullough & Sherrill, John A. Sherrill,* for appellee.