## 57588. BARNES v. FINNEGAN ENTERPRISES, INC. et al.

McMURRAY, Presiding Judge.

This is an action for damages arising from the collision of two automobiles. Defendant William Peter Finnegan, Jr. was the driver of one of the automobiles. He admits he is an officer in and owner of defendant Finnegan Enterprises, Inc., d/b/a Republic Personnel Service. The action against the corporation is predicated on the allegation that the individual defendant was, at the time of the collision, operating his automobile within the scope of his employment with the corporate defendant and was engaged in the furtherance of its business.

The trial court granted the motion of the corporate defendant for summary judgment in favor of the corporation and against plaintiff. Plaintiff appeals. *Held:*

1. A person may own all the stock of a corporation and still such individual shareholder and the corporation would, in law, be two separate and distinct persons. See *Newton Mfg. Co. v. H. & T. M. White,* 42 Ga. 148, 149 (1), 159; *Waycross A. L. R. Co. v. Offerman & W. R. Co.,* 109 Ga. 827, 828 (35 SE 275); *Shingler v. Shingler,* 184 Ga. 671, 672 (3) (192 SE 824). To be the alter ego (the second self) of the corporation the sole stockholder cannot disregard the entity of the corporation, although he may transact business as an individual in the corporate name, in which case there still would be no merger. Compare *Newton Mfg. Co. v. H & T. M. White,* 42 Ga. 148, 159, supra; *Hale v. Parmenter Ins. Agency, Inc.,* 150 Ga. App. 76.

2. By affidavits the defendants have presented evidence that the individual defendant was not employed by the corporate defendant, was not involved in the day to day operation of the business, and that at the time of the collision the individual defendant was on a purely personal mission. This evidence, which prima facie

pierces the pleadings of plaintiff, cast upon plaintiff the burden to support her pleadings on the issue of whether at the time of the collision the individual was acting within the scope of an agency relationship with the corporate defendant. See in this regard *Guthrie v. Monumental Properties, Inc.,* 141 Ga. App. 21, 22 (2) (232 SE2d 369).

The plaintiff's affidavit presents evidence that after the collision the individual defendant indicated that he was in the process of selling his business, the corporate defendant, that day, and requested that plaintiff's husband give him a ride to his office located at the place of business of the corporate defendant. The plaintiff also noted that when the individual defendant departed the scene of the collision he removed a briefcase from his automobile and took it with him.

The pleadings reveal that the automobile driven by the individual defendant was his personal automobile and not the property of the corporation. Therefore, no presumption of an agency relationship, such as that in *West Point Pepperell, Inc. v. Knowles,* 132 Ga. App. 253, 255 (1) (208 SE2d 17), is deemed to arise.

There is no evidence presented which supports plaintiff's allegation that the individual defendant was at the time of the collision acting within the scope of an agency relationship with the corporation. Despite the admission that the defendant Finnegan is an officer in and owner of the corporation and after the collision requested plaintiff's husband to "give him a ride back to the locale of his business" and was on that day "in the process of selling his business, Finnegan Enterprises, Inc., d/b/a Republic Personnel Service," this evidence is insufficient to establish that the corporate defendant was in any wise involved in the collision.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

Submitted April 3, 1979 — Decided June 22, 1979.

*Thornton & Lowe, Guerry R. Thornton, Jr.,* for appellant.

*Ashburn & Beckmann, Leo G. Beckmann, Jr.,* for

appellees.