68188. HOGAN et al. v. MAYOR & ALDERMEN OF SAVANNAH
et al.

McMURRAY, Chief Judge.

Peter J. Hogan is the president, chairman of the board, treasurer, and general counsel of Southern Intermodal Logistics, Inc. (S. I. L.). Mr. Hogan, along with one other individual, owns all of the shares of S. I. L.

Mr. Hogan was driving a company car in the City of Savannah at approximately 11:00 p.m. when he was stopped and cited for a number of traffic violations. He was detained by Savannah police and apparently his vehicle impounded. The following morning at approximately 7:00 a.m. a Savannah police officer, defendant Macy, undertook to transport Mr. Hogan to his company car in the City of Savannah police car. While attempting to locate the company car the police vehicle operated by Macy and occupied by Mr. Hogan was involved in a collision with an uninsured motorist.

Mr. Hogan and his wife filed this action for damages arising from the collision against Macy (the police officer operating the vehicle in which Mr. Hogan was a passenger), the Mayor and Aldermen of the City of Savannah, Mitchell (the uninsured motorist), Twin City Fire Insurance Company (the uninsured motorist insurer for the automobiles owned by Peter Hogan personally) and Royal Insurance Company of America (Royal) (uninsured motorist insurer for the company automobile which was being operated by Peter Hogan prior to his arrest and for which he was searching at the time of the collision). Defendant Royal counterclaimed for declaratory judgment contending that the policy of insurance on the company car which it had issued to S. I. L. provided no coverage to Peter Hogan, who was not named as an insured under the policy.

The trial court granted summary judgment in favor of Royal and against plaintiffs on the issues raised by plaintiffs' complaint and by Royal's counterclaim for declaratory judgment. Plaintiffs appeal from

the grant of summary judgment in favor of Royal. *Held*:

1. Most of the language in the subject insurance policy appropriately reflects that the named insured to whom the policy is issued is a corporation, a legal entity but not a natural person. OCGA § 33-7-11 governing the providing of uninsured motorist coverage is by its terms universally applicable to natural persons and to other entities such as in the case sub judice, a corporation. The plaintiffs present the argument that in order to prevent excess verbiage in the insurance policy in question we should construe such terms as "family member" which under its usual definition would have no meaning in regard to a corporation so as to give meaning to it in the context of a corporate named insured. In other words the plaintiffs argue that Peter Hogan is a family member of S. I. L. and could have reasonably viewed himself as such in relation to the closely held corporation which is the named insured. "Family member" is defined by the policy as any "person related to you [the named insured] by blood, marriage or adoption who is a resident of your household including your ward or foster child."

"In construing an insurance policy, the test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean. The policy should be read as a layman would read it and not as it might be analyzed by an insurance expert or an attorney. *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga. App. 671, 675 (222 SE2d 828)." *Cincinnati Ins. Co. v. Davis*, 153 Ga. App. 291, 295 (265 SE2d 102). See also *Richards v. Hanover Ins. Co.*, 250 Ga. 613, 615 (1) (299 SE2d 561). After applying this test we find that the plain and unambiguous definition of "family member" precludes any reasonable reliance upon the interpretation advocated by plaintiffs as Mr. Hogan is clearly not the named insured nor a family member in relation thereto. As Mr. Hogan was not occupying the covered automobile at the time of his injuries he is not an insured under the insurance policy in question.

The uninsured motorist endorsement contained in the subject insurance policy which closely tracks the statutory language contained in OCGA § 33-7-11 does, in view of its comprehensive nature, contain references which are meaningless with reference to a corporate named insured. However, we find no intent to render meaning to the words of the contract distinctly different than their usual and ordinary meaning.

2. The provision of the uninsured motorist coverage providing payment of damages the insured is legally entitled to recover as damages from any uninsured motorist and which must result from "bodily injury sustained by the insured" is meaningful in a policy issued to a corporation (as opposed to a natural person) because it refers to those natural persons who are insured under the policy while occupying a

covered automobile. Plaintiffs' contention that it is necessary to construe this language as providing coverage to Mr. Hogan, the alter ego of the corporate named insured, in order to render the quoted language meaningful is without merit.

3. Relying upon the decision of the Supreme Court of Minnesota in Roepke v. Western Nat. Mut. Ins. Co., 302 NW2d 350, 352 (2), plaintiffs argue that the concept of "piercing the corporate veil" should be applied in the case sub judice so as to disregard the corporate entity (S. I. L.) and view Mr. Hogan as the named insured. Plaintiffs' theory has been characterized as a "reverse pierce" and described as "allowing an 'insider' to pierce the corporate veil from within the corporation." Crum v. Krol, 425 NE2d 1081, 1088 (12). We find no authority under Georgia law and plaintiffs have cited none for the "reverse pierce."

Generally, in Georgia "[a] person may own all the stock of a corporation and still such individual shareholder and the corporation would, in law, be two separate and distinct persons." Barnes v. Finnegan Enterprises, 150 Ga. App. 430 (1) (258 SE2d 55).

The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party "has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility." Kelley v. Austell Bldg. Supply, 164 Ga. App. 322, 326 (3) (297 SE2d 292). See also Bone Constr. Co. v. Lewis, 148 Ga. App. 61, 63 (4) (250 SE2d 851); Fla. Shade Tobacco Growers v. Duncan, 150 Ga. App. 34, 35 (256 SE2d 644).

The question of whether the corporate entity should be disregarded depends upon the particular circumstances of each case. Midtown Properties v. George F. Richardson, Inc., 139 Ga. App. 182, 185 (4) (228 SE2d 303). In the case sub judice there is no evidence of any abuse of corporate form, therefore, no issue as to piercing the corporate veil is presented. Klemme Cattle Co. v. Westwind Cattle Co., 156 Ga. App. 353, 356 (3) (274 SE2d 738); Williams Plaza v. Sedgefield Sportswear, 164 Ga. App. 720, 723 (297 SE2d 342); Fla. Shade Tobacco Growers v. Duncan, 150 Ga. App. 34, supra. Accord Angelo Tomasso, Inc. v. Armor Constr. & Paving, 447 A2d 406, 411-412; Polzin v. Phoenix of Hartford Ins. Cos., 283 NE2d 324, 327 (4).

Furthermore, in regard to Roepke v. Western Nat. Mut. Ins. Co., supra, cited by plaintiffs, that case may be distinguished on the facts from the case sub judice. The decedent in that case was the sole shareholder of the corporate named insured and the court in reaching its decision emphasized that decedent was a shareholder who owned all or practically all of the shares of the corporation. In the case sub judice Mr. Hogan is one of two shareholders of S. I. L. but there is no evidence that he owns all or practically all of the shares. The court in

Roepke v. Western Nat. Mut. Ins. Co., supra, also emphasized that the vehicles covered by the insurance policy in that case (six vehicles) were treated by the shareholder as his own and used for family purposes, neither decedent nor members of his household owned other vehicles. There is no similar evidence in the case sub judice, indeed the insurer of the Hogans' personal vehicle or vehicles is a defendant in this action. Additionally, we question the reasoning of Roepke v. Western Nat. Mut. Ins. Co., supra, insofar as it alters the contract between the corporation and insurer and may be predicated upon a somewhat different perception of the concept of "piercing the corporate veil" than has been applied in Georgia. Any change in insurance law so as to produce the result in Roepke, supra, should arise in the legislature and not in this court.

4. No coverage of Mr. Hogan under the circumstances of the case sub judice was required under the provisions of OCGA § 33-7-11; *Fowler v. U. S. Fidelity &c. Co.*, 133 Ga. App. 842 (212 SE2d 486).

5. We decline to distinguish the *Fowler* case on the basis of that language found in OCGA § 33-7-11 (b) (1) (B) which includes in the definition of insured "the personal representative of any of the above." Plaintiffs contend that personal representatives include officers and alter egos of a corporation. However, we believe that this term is intended to refer to the parties who hold a fiduciary relationship to an insured who has sustained bodily injuries.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1984 —
REHEARING DENIED JULY 16, 1984 — 

*Charles L. Ruffin, Carr G. Dodson*, for appellants.
*Patrick T. O'Connor, Charles W. Brannon, Jr.*, for appellees.