## 70165. JENKINS v. JUDITH SANS INTERNATIONALE, INC.
### (332 SE2d 687)

McMURRAY, Presiding Judge.

In this action for damages plaintiff alleges that she developed "right sciatica nerve neuritis" as a result of receiving certain cellulite treatments. Although plaintiff's complaint alleges that defendant Judith Sans Internationale, Inc. operated the beauty care salon where she was allegedly injured, the uncontroverted evidence developed upon discovery is that the salon in question was owned and operated at that time by J.S.I., Inc. Plaintiff appeals from the grant of summary judgment in favor of defendant. *Held*:

1. Plaintiff contends the trial court erred in determining that there was no evidence authorizing a piercing of the corporate veil. Generally, "[a] person may own all the stock of a corporation and still such individual shareholder and the corporation would, in law, be two separate and distinct persons." *Barnes v. Finnegan Enterprises*, 150 Ga. App. 430 (1) (258 SE2d 55). It follows that two separate corporations, although both owned by the same sole shareholder, would be separate and distinct entities.

"The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party 'has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility.' *Kelley v. Austell Bldg. Supply*, 164 Ga. App. 322, 326 (3) (297 SE2d 292). See also *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61, 63 (4) (250 SE2d 851); *Fla. Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34, 35 (256 SE2d 644)." *Hogan v. Mayor & Aldermen of Savannah*, 171 Ga. App. 671, 673 (3) (320 SE2d 555). In the case sub judice the defendant has presented evidence that its business is conducted separately from other businesses owned by Judith Sans, conduct consistent with its separate corporate identity. Plaintiff has presented no evidence of abuse of the corporate form, therefore, no issue as to piercing the corporate veil is presented. *Hogan v. Mayor & Aldermen of Savannah*, supra; *Klemme Cattle Co. v. Westwind Cattle Co.*, 156 Ga. App. 353, 356 (3) (274 SE2d 738); *Williams Plaza v. Sedgefield Sportswear Div.*, 164 Ga. App. 720, 723 (297 SE2d 342); *Fla. Shade Tobacco*

*Growers, v. Duncan*, 150 Ga. App. 34, supra.

2. Plaintiff contends that material issues as to joint and several liability remain. This contention is predicated in large part upon the erroneous assertion that the record shows without contradiction that defendant trains the personnel that work in the salon where plaintiff was allegedly injured. This assertion is predicated on testimony that one of defendant's functions is "training people." However, there is no evidence that defendant trained people for J.S.I., Inc. In contrast to plaintiff's assertion the record shows without contradiction that defendant did not train any of the personnel working in the salon in which plaintiff was allegedly injured.

Nor can we agree that defendant has failed to prove its lack of "operation and control" of the salon in question. See in this regard *Guthrie v. Monumental Properties*, 141 Ga. App. 21, 22 (232 SE2d 369). Defendant's evidence shows that J.S.I., Inc. owned and operated the salon. J.S.I., Inc. and defendant were completely separate businesses. Also, defendant shows that J.S.I., Inc. was not a franchise of defendant. The uncontroverted evidence indicates that defendant did not exercise any control over the operations of J.S.I., Inc. or its beauty salon. No genuine issue of material fact as to joint and several liability is presented by the record.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 19, 1985.

*Arnold F. Ernst*, for appellant.
*Lawrence A. Cooper*, for appellee.