### 75350. AMASON et al. v. WHITEHEAD.
(367 SE2d 107)

BEASLEY, Judge.

In 1986 Whitehead brought suit against W. R. Amason, individually, and W. R. Amason, d/b/a Amason, Incorporated, in which he sought to recover sums allegedly due him for performing various masonry cleaning services during the first half of 1984. Defendants answered and Amason, Inc. filed a counterclaim for Whitehead's failure to perform his services in a workmanlike manner.

In essence the facts were that Whitehead was promised payment in full but received only part, the remainder being refused. Amason sought to prove that the remaining sums were withheld because of unsatisfactory work.

The verdict was against Amason for the full amount sought, against Amason, Inc. for $1.00, and against its counterclaim. Amason's trial motion for directed verdict and his subsequent motion for judgment n.o.v. were denied. On appeal, defendants contend that these were errors because the verdict against Amason in an amount

exceeding that of the corporation cannot stand and also because the evidence failed to sustain a piercing of the corporate veil.

There was evidence that Amason was either the sole or principal shareholder of several corporations including defendant, which had ceased doing business and had no assets at trial time. The records showed a course of dealings between Whitehead and Amason, Inc. Checks were issued by the corporation to Whitehead, and the "Subcontractor Money Estimate Forms" listed Whitehead as the subcontractor and Amason, Inc. as contractor.

Whitehead sought to "pierce the corporate veil" and establish that Amason was actually the party with whom Whitehead dealt. There was testimony that Whitehead was told by an employee that Amason "would be my real boss, who I really was working for." There was evidence that Amason directed Amason, Inc.'s activities but was paid for his services by another corporation he controlled, which corporation was reimbursed by Amason, Inc. for those services. There was no evidence of fraud or chicanery.

Amason's argument regarding the imposition of damages is without merit. If the jury was authorized to disregard the corporate entity, then it was not error for it to impose the entire sum of damages against the defendant, especially since the parties agreed during pretrial to separate verdicts against each of the defendants. See in this connection *Jones v. Maghdoussian*, 159 Ga. App. 839, 841 (2) (285 SE2d 267) (1981); *C & W Land Dev. Corp. v. Kaminsky*, 175 Ga. App. 774, 776 (2) (334 SE2d 362) (1985). The crucial question is whether the evidence permitted the jury to reach behind the corporate entity and hold its operative individually liable.

"While upon equitable principles the legal entity of a corporation may be disregarded," *Broyles v. Johnson*, 99 Ga. App. 69, 71 (107 SE2d 851) (1959), great caution should be exercised by the court in doing so. *Farmers Warehouse v. Collins*, 220 Ga. 141, 150 (137 SE2d 619) (1964). It held that in order to disregard the corporate entity because a corporation is a mere alter ego or business conduit of a person, it should have been used as a subterfuge so that to observe it would work an injustice. To prevail based upon this theory it is necessary to show that the shareholders disregarded the corporate entity and "made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist." Id. at 150.

" 'The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party "has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility." ' " *Jenkins v. Judith Sans Intl.*, 175 Ga. App. 171 (1) (332 SE2d 687)

(1985). Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, *Raynor v. American States Ins. Co.*, 176 Ga. App. 564, 565 (1) (337 SE2d 43) (1985), the mere operation of corporate business does not render one personally liable for corporate acts. *Trans-State v. Barber*, 170 Ga. App. 372, 374 (1) (317 SE2d 242) (1984). Sole ownership of a corporation by one person or another corporation is not a factor, *Barnes v. Finnegan Enterprises*, 150 Ga. App. 430 (1) (258 SE2d 55) (1979), and neither is the fact that the sole owner uses and controls it to promote his ends. *Condenser Svc. v. Brunswick Port Auth.*, 87 Ga. App. 469, 474 (4) (74 SE2d 398) (1953).

There must be evidence of abuse of the corporate form. *Ellis v. Edwards*, 180 Ga. App. 301 (348 SE2d 764) (1986). Plaintiff must show that the defendant "disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." *Earnest v. Merck*, 183 Ga. App. 271, 273 (358 SE2d 661) (1987). Accord *Northwest Preferred v. Williams*, 184 Ga. App. 145, 147 (2) (360 SE2d 910) (1987).

There is no evidence of fraud, no abuse of the corporate form, no commingling of assets and not even a showing of corporate insolvency at the time of the transaction, but only that at the time of trial the corporation had no assets. Compare *Johnson v. Lipton*, 254 Ga. 326, 328 (1) (328 SE2d 533) (1985). "[O]ne who deals with a corporation as such . . . cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable." *Lamas v. Baldwin*, 140 Ga. App. 37, 40 (1) (230 SE2d 13) (1976). See in this connection OCGA § 14-5-4; *Cahoon v. Ward*, 231 Ga. 872, 874 (204 SE2d 622) (1974).

The evidence was insufficient to warrant piercing the corporate veil and the verdict against Amason individually cannot stand. *Earnest*, supra; *Ellis*, supra; *Jenkins*, supra; *Hogan v. Mayor &c. of Savannah*, 171 Ga. App. 671, 673 (3) (320 SE2d 555) (1984); *Williams Plaza v. Sedgefield Sportswear*, 164 Ga. App. 720, 723 (297 SE2d 342) (1982); *Florida Shade &c. Growers v. Duncan*, 150 Ga. App. 34 (256 SE2d 644) (1979); *Sturdivant v. Chapman*, 146 Ga. App. 26, 28 (2) (245 SE2d 311) (1978). The judgment is reversed with direction that the trial court enter judgment for Amason individually in accordance with his motion for judgment n.o.v.

*Judgment reversed with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 11, 1988.

*Arnold S. Kaye*, for appellants.
*Robert K. Finnell*, for appellee.