## COLLINS *vs.* DIXON, guardian.

1. Where ejectment was brought by a guardian, who relied on a deed made to him as such, there was no error in refusing to charge that he had no right to purchase the land unless an order had first been obtained from the superior court authorizing such purchase. The question of authority in the guardian to invest the funds of his wards was one between him and them, and in which the adverse party in ejectment had no concern.
(*a*.) In this case the wards, after becoming of age, caused themselves to be made parties to the action which had been instituted by their guardian, and thereby ratified the investment made by him.
2. A levy on real estate in these words, "I have this day levied the within *fi. fa.* upon seven hundred acres of land, more or less, as the property of defendant," was void for uncertainty, and a sale thereunder conveyed no title.
(*a*.) However correct a request may be as an abstract principle of law, if it is not applicable to the facts of the case, it should not be given.

April 8, 1884.

Guardian and Ward. Ejectment. Title: Levy and Sale. Before Judge CARSWELL. Tattnall Superior Court. October Term, 1883.

Reported in the decision.

GARRARD & MELDRIM, by MYNATT & HOWELL, for plaintiff in error.

T. H. POTTER; R. D. WALKER, JR., for defendant.

BLANDFORD, Justice.

This was an action of ejectment for the recovery of a certain tract of land in Tattnall county. The defendants in error, who were the plaintiffs in the court below, introduced and read in evidence to the jury a deed of conveyance from Berrien Collins to Matthew Dixon, guardian for Ellen, Jincey and Wealthy Dixon, minors, dated 28th June, 1873, and recorded April, 1882, to the premises in dispute, proved possession in Berrien Collins when the deed was made, and closed. The defendant introduced a *fi. fa.*, founded on a judgment rendered 22d March, 1870, in favor of one Meinhart *vs.* Berrien Collins, which *fi. fa.* contained an entry by the sheriff as follows: "I have this day levied the within *fi. fa.* upon 700 acres of land, more or less, as the property of defendant, December 4th, 1873," and a deed from the sheriff, under this levy, to A. H. Smith, dated January 6th, 1874, recorded April 8th, 1875, to 700 acres of land in the 351st district G. M., of said county, which recited the sale of the land under the judgment, *fi. fa*, and levy aforesaid, by the sheriff to Smith. To the introduction of this testimony, the plaintiff objected, upon the ground that the levy was void for uncertainty, and could not convey title. The court overruled this objection, and the plaintiff excepted, and files his cross-bill of exceptions, and assigns this ruling as error. The defendant then introduced a deed from A. H. Smith to Bryant Collins to 300 acres of land, the same being the premises in dispute, dated 14th October, 1875, being part of the 700 acres so levied on and sold by the sheriff to A. H. Smith. The defendant closed. The jury found for the plaintiff the premises in dispute. The defendant made a motion for a new trial.

(1.) Because the court erred in refusing to charge, as requested by defendant, that Dixon had no right to purchase from Berrien Collins the land in question, unless

you find that an order had first been obtained from the superior court, authorizing such purchase.

(2.) Because the sale by the sheriff, under the Meinhart *fi. fa.*, conveyed a title superior to that conveyed by the deed from Berrien Collins to Dixon, guardian. No matter what was the age of the lien sought to be paid thereby, the older lien must pursue the fund.

The court overruled the motion for new trial, and error is assigned to this court upon exceptions to the ruling of the court.

1. The first request. to charge, assigned as error in the motion for new trial, is without foundation. Whether Matthew Dixon, as guardian, had the authority to invest the funds of his wards in the land or not, is a matter of no concern to the plaintiff in error, but was entirely between himself and his wards. The wards, after all becoming of age, made themselves parties to the action which had been instituted by their guardian, and they thereby ratified the investment made by their guardian for them; but whether this were so or not, Bryant Collins, the plaintiff in error, could not in any manner interfere therewith, and the court did right to refuse this request, which would have been manifest error, if it had been given.

2. The second request is good law, but the plaintiff in error was not in a condition to avail himself of it. The levy by the sheriff, as evidenced by the return of the sheriff on the Meinhart *fi. fa.*, was void for uncertainty, and the sale by the sheriff, and his conveyance to Smith of the land in question, passed no title; consequently, the conveyance by Smith to Bryant Collins did not pass the title to this land into the plaintiff in error. See *Brown vs. Moughon*, decided at the last term of this court, in which this doctrine is fully treated, and all the cases collated and referred to.

However correct the charge is as requested, yet, if the same is not applicable under the facts of the case, it should not have been to the jury. It is true, the court had let in

the *fi. fa.*, entry of the sheriff and deed to Smith in evidence to the jury, which was error, yet, having committed this error, he cured it, as far as he could, by refusing defendant's request to charge, and by charging, as we are to presume he did, what the law was ; that is, that this levy and sale to Smith under the Meinhart *fi. fa.* conveyed no title to this land to Smith, and consequently Smith could not convey title to Bryant Collins. So the judgment refusing the new trial was right, and must be affirmed.

The cross-bill of exceptions is dismissed, and upon the whole record, let the judgment of the court below be affirmed.