### 12650.   LUSK *v.* THE STATE.

BLOODWORTH, J. The court·properly admitted the evidence referred to in the only special ground of the motion for a new trial; the evidence amply supported the verdict, which has the approval of the trial judge, and, no error of law appearing, the motion for a new trial was properly overruled.

         *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

         DECIDED NOVEMBER 16, 1921.

Indictment for making liquor; from Cherokee superior court — Judge Blair. June 14, 1921.

Bill Lusk was convicted under an indictment which charged him and Grady Moore with the manufacture of intoxicating liquor. It was testified that the sheriff and others " made a raid " on a still which was in operation, making whisky, and found the defendants at work there with others, and saw Lusk carry wood to the still and put it under the furnace; that Grady Moore was arrested, and Lusk and the others ran off; that the pocket of a coat found there by the officers contained papers on which the name of Lusk was written in his own handwriting, and contained also a memorandum book (introduced in evidence) in which were written, in his handwriting, " Bill Lusk Book," and entries of quantities and prices of malt, meal, barley, and syrup furnished by him, and of quantities of whisky, etc. There was other evidence in behalf of the State. Grady Moore was one of the witnesses for Lusk, and denied that Lusk was one of the persons at the still at the time referred to by the State's witnesses. On cross-examination he testified, as to the coat found by the officers, that he did not know and did not tell them whose

coat it was, and did not "go into a conversation with" Spears, the sheriff, "about not going through that coat." Spears, in rebuttal, testified that as he was pulling the papers out of the coat, "Grady Moore stepped up and said . . 'Don't let them see Bill's papers.'" In the only special ground of the motion for a new trial it is stated that the solicitor-general said to this witness: "You testified about finding a coat and taking these things out and having a conversation with Grady Moore; I will ask you whether or not anything was said with reference to the contents of that coat;" whereupon counsel for the defendant objected "to that as irrelevant, immaterial, and incompetent," and contended that "you can't take up a matter like this and attempt to impeach a witness on matter of this kind." The objection was overruled. A note of the trial judge to this ground refers to the testimony of Grady Moore, stated above, and states that "the evidence objected to sought to contradict this evidence." It is contended that in allowing the testimony of Spears as to this matter to go to the jury, the court erred because "it was an attempt to impeach a witness on an immaterial matter," and "it was proving an incompetent matter in a roundabout way, as the court had previously ruled out what Moore said. Moore not being on trial."

*Clay & Blair,* for plaintiff in error.

*John T. Dorsey, solicitor-general pro tem.,* contra.