## 20247. EDENFIELD *v*. THE STATE.

DECIDED MARCH 4, 1930.

*J. P. Knight,* for plaintiff in error.
*H. C. Morgan, solicitor-general,* contra.

LUKE, J. The indictment in this case charges J. E. Edenfield, T. L. Edenfield, and Buster Ray jointly with the offense of robbery; it being alleged that they took one twenty-dollar bill and one one-dollar bill from Richard Smith. The defendant, J. E. Edenfield, was put on trial for robbery by intimidation and convicted of that offense. The exception here is to the judgment overruling the motion for a new trial based upon the usual general grounds and two special grounds.

The State's case is substantially as follows: The three persons indicted were going down a highway in defendant's automobile in the daytime when they met two negroes, Richard Smith and L. C. Smith. Defendant told the negroes to stop, and, with a pistol in his hand, told them to get out of their automobile. The defendant then told Richard Smith to raise the curtains of the car he had been in, and made a thorough search of it. The defendant then asked: "Where you negroes going?" He further asked whose car they had, and Richard told him it belonged to L. C. Smith. The defendant then asked how long Smith had owned the car, how many payments he had made on it, and whether Smith had a "registered receipt for the little tin seal on the foot of the car." When Smith replied that he had no such receipt, the defendant told him he ought to have one. Defendant then asked the negroes if they knew who he was, and, when they replied that they did not, said he was a revenue detective and had authority to take them to jail, and that that was what he was going to do. Defendant then asked the negroes if they had $3.80 they could give him to let them off. Richard pulled out a twenty-dollar bill and seven one-dollar bills and gave four of the latter to defendant. The defendant then looked at the car-number again and said that the negroes "were liable to have stolen the car," and asked them if they had any papers "to show for it." Richard said that the car belonged to L. C. Smith, and that he was merely riding in it. The defendant said that Richard was "implicated in it," and that he would lose his job if he let the negroes go, and told them to give him $7 more. Defendant then said that he could not let them go, and would have to take them to jail. Richard asked the defendant to take them to Mr. Evans' still, and maybe Mr. Evans could give him some satisfaction about it. Defendant said that he did not know Mr. Evans.

The final result of the money transaction was that the defendant got from Richard a twenty-dollar bill and a one-dollar bill. Defendant then asked the negroes if he let them off, would they tell it, and L. C. Smith said, "No." The defendant then said that he had authority to do what he was doing and that he didn't give a dam if they did tell. The two other men with defendant remained in the automobile in which they were traveling during the entire transaction, and never said or did anything in connection with the robbery.

The gist of the case made out by the defendant and his associates is that there was no robbery whatever, and that the defendant merely stopped the negroes to try to get whisky from them.

During the trial of the case the court allowed Buster Ray to testify that he did not tell the sheriff on the day he was arrested that he heard the defendant "say something about $15 and about $20, and about being a State officer, or something like that." The sheriff was permitted to take the stand and contradict Ray. The objection to this testimony was that it was hearsay, and that it was proving a conversation between the witnesses not had in the presence of the defendant. The court properly admitted the evidence solely for the purpose of impeachment. In this connection, see Penal Code (1910), § 1052; *Lusk* v. *State*, 27 *Ga. App.* 593 (110 S. E. 520).

The second special ground complains of the following charge of the court: "If, under the evidence and the facts and circumstances of the case, you do not believe the defendant to be guilty, you should acquit him." The criticism of this charge is that it failed to apprise the jury that unless they believed beyond a reasonable doubt, from all the facts and circumstances of the case, including the defendant's statement, that the defendant was guilty, they should acquit him. There was no request to charge. The judge instructed the jury as to the defendant's statement and the presumption of innocence. He gave them the definition of a "reasonable doubt," and charged that if they had a reasonable doubt as to defendant's guilt, they should acquit him. There is no merit in this ground.

We come next to the general grounds. Intimidation is constructive force, "and where property is extorted by fear, it is

robbery, although it be taken under color of a gift." See *Long v. State,* 12 *Ga.* 293, 320, 321. We quote further from this case (p. 321) : "The taking must be against the will of the person robbed, yet it may seem to be with his consent, when it is really delivered from fear. If it is apparently voluntary, yet from the facts and circumstances it is from fear, it is still robbery." In *Johnson v. State,* 1 *Ga. App.* 729, 730 (57 S. E. 1056), Judge Powell quotes from the *Long* case as follows: "The rule laid down gives the safest criterion for their ascertainment, that is, the circumstances of terror are such as in common experience are likely to create apprehension of danger. If, according to common experience, the apprehension of danger, growing out of the circumstances, is so great as to constrain a man to part with his property for the safety of his person, then they are sufficient to make the taking violent, and a robbery. The place, the time, and the number of the assailants are to be considered—as a retired place, at night, and a number so great as to make the idea of resistance impracticable. . . Threats by word or gesture are of themselves sufficient to imply violence, and are the most usual means of intimidation." In addition to the foregoing cases, see *Tanner v. State,* 24 *Ga. App.* 132 (2) (100 S. E. 44).

Under the facts and circumstances appearing from the record in the case at bar, we are satisfied that the evidence supports the verdict, and hold that the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*