### 28026. DOTSON v. THE STATE.

INGRAM, Justice. The appellant was convicted of murder and sentenced to life imprisonment. He appeals from an order overruling his motion for a new trial, contending that the evidence did not support the verdict and that the trial court erred in not giving to the jury a number of charges requested in his behalf. *Held:*

1. The appellant, a 19-year-old male, admitted stabbing the victim who was a middle-aged disabled war veteran. In a statement made at the time of arrest, he related that he had stabbed the deceased in a scuffle in the victim's automobile to prevent the victim from committing an act of sodomy upon him. The appellant indicated he stabbed the deceased with a butcher knife "three or four times until he quit struggling." The appellant then drove the victim's automobile to the dirt road where he stabbed the victim again in the back, "as I could feel his heart still beating" and left him on the road. Appellant subsequently drove the deceased's automobile to a local motel, checked in and reported the victim as missing to the authorities. He was arrested and found to have in his possession the deceased's veterans' card, wallet and twenty dollars in cash. He was observed at that time to have a brown, blood-like, substance on his clothing. In his unsworn statement at the trial, the appellant told the court and jury: "I pulled his bill fold out and I took the money that he owed me, which was just about every penny he had, and every paper bill that he had, I got out, and he owed me

some more money. . . and then I kept the wallet for I didn't know exactly his full name. . . so I kept his wallet and that veteran's disabled card. . ." The appellant also stated in his unsworn statement that "everything that the sheriff read out (from the defendant's earlier statement to him) was true," but that he didn't mean to kill the deceased and was sorry that he had done so. We believe the evidence was sufficient to support the jury's verdict of murder.

2. The remaining contentions of the appellant deal with the trial judge's refusal to give certain requested charges to the jury. Requests 1, 2, 4, 7, 8, 9, 16 and 17 all relate to rules of law capably covered by the trial judge in his instructions to the jury. The only argument advanced in support of these requests is that "repetition is necessary to put over a difficult point to the jury . . ." Since these requested charges were merely repetitious of the charge given by the trial judge, there was no error in refusing to give them. *Everett v. State,* 62 Ga. 65 (4) (1878). Requests to charge numbers 5, 6, 11, 12, 13 and 15 concern the law of accident or misfortune. Request number 14 deals with involuntary manslaughter. The appellant admitted killing the deceased but contended he did so in self defense. Therefore, these requests to charge were not adjusted to the evidence and it was not error to refuse them. *Waters v. State,* 83 Ga. App. 163 (1) (63 SE2d 264) (1951); *Collins v. Dixon,* 72 Ga. 475 (2a) (1884). In our opinion, the trial judge gave fair and adequate instructions to the jury in this case. The appellant's enumeration of error complaining of the trial judge's refusal to give these requested charges is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 6, 1973.

*Ralph U. Bacon,* for appellant.

*J. Lane Johnston,* District Attorney, *Arthur K. Bolton,* Attorney General, *Courtney Wilder Stanton,* Assistant Attorney General, *B. Dean Grindle, Jr.,* Deputy Assistant Attorney General, for appellee.


