## 57274. TODD v. THE STATE.

SMITH, Judge.

We affirm the appellant's conviction of voluntary manslaughter. Appellant alleged that the trial court erred in denying her motion for a new trial on the general grounds, in failing to charge on the use of force in defense of habitation, and in failing to charge that misfortune or accident is not a crime.

1. The proper standard to be used by this court in reviewing the overruling of a motion for a new trial on the general grounds is the "any evidence" test. *Franklin v. State,* 136 Ga. App. 47, 48 (220 SE2d 60) (1975). Appellant acknowledges this standard and yet maintains that the evidence, viewed in the most favorable light to the state, is not sufficient to support the verdict and did not exclude all reasonable hypotheses except guilt. ". . . [T]he issue of guilt or innocence [is] for the jury to determine; and we cannot conclude, as a matter of law, that the evidence presented to the jury did not exclude every other reasonable hypothesis save that of the guilt of the accused." *McConnell v. State,* 235 Ga. 366, 367 (220 SE2d 5) (1975). This court shall not set aside such jury determination as long as there is "any evidence" to support the verdict. The record shows that the evidence met the "any evidence" test.

2. The appellant alleges error in that there was no

charge on the use of force in defense of habitation. Code § 26-903. The record does not show evidence of an "unlawful entry, or attack upon," the appellant's apartment by the decedent, nor does the record show that the decedent entered the appellant's apartment in a "violent and tumultuous manner" or "for the purpose of committing a felony." The record does show that the decedent was living with the appellant. A charge which is not applicable to the facts should not be given. *Collins v. Dixon,* 72 Ga. 475 (2) (1884). The trial court did not err in failing to charge on the use of force in defense of habitation.

3. The appellant contends that the trial court should have charged that misfortune or accident is not a crime. Code § 26-602. Where a person claims to be acting in self-defense, as was the appellant, the defense of accidental killing is not involved. *Dobbs v. State,* 132 Ga. App. 368 (208 SE2d 178) (1974). The failure to charge on accident or misfortune was not error.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 8, 1979 — DECIDED APRIL 4, 1979.

*Billy L. Spruell, R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.