## 64021. KELLEY v. AUSTELL BUILDING SUPPLY, INC.

McMURRAY, Presiding Judge.

This case began as an action on account with reference to building materials. The defendant answered denying the indebtedness and counterclaimed for damages for interference with business, malicious prosecution, and malicious abuse of process, seeking damages for the intentional wrongs, and for punitive damages, as well. The defendant W. L. Kelley's main defense to the main action is that he did not contract for the building materials but that as he was incorporated as W. L. Kelley, Inc., any and all materials provided by the plaintiff were for the corporation and not for the defendant. The counterclaim arises out of certain warrants taken out by an employee and agent of the plaintiff for defendant Kelley's arrest for theft by conversion of materials. An indictment was obtained containing several counts, but defendant was acquitted upon his written demand for trial and the failure to try him on the charges following two consecutive terms of court in which juries were empaneled and qualified.

The main action and the counterclaim were tried before a jury in which a verdict was returned on the account in favor of the plaintiff and for punitive damages in favor of the defendant against the

plaintiff on the counterclaim. No actual damages were returned against the plaintiff although there was a verdict form for same submitted to the jury, and actual damages could have been returned in favor of the defendant.

Plaintiff moved for the entry of judgment notwithstanding the verdict or in the alternative a motion to set aside the verdict with reference to the punitive damages. After a hearing, the trial court struck the punitive damages since no actual damages were awarded. The court then allowed the remainder of the verdict to stand in favor of the plaintiff and issued a judgment in plaintiff's favor for the amount found by the jury, the defendant to recover nothing on the counterclaim. Defendant's motion for new trial was duly filed, heard and denied, and defendant appeals. *Held:*

1. The first enumeration of error complains that the trial court erred in holding that punitive damages could not be awarded by the jury unless actual damages were also awarded, for in order to award punitive damages in a case there must be some actual damages even though small or some injury which would support an action at least for a minimal amount. See in this connection *Foster v. Sikes,* 202 Ga. 122, 126 (42 SE2d 441). In the case sub judice defendant was seeking punitive damages under Code § 105-2002 as additional damages "to deter the wrongdoer." Defendant had offered testimony with reference to his actual damages, the amount of monies which he had been forced to expend in defense of the criminal action and the cost of the bond; also as to business losses including loss of profits from the completion and sale of the homes he had under construction, and he also sought to recover other elements of actual and special damages. During the jury's deliberations it sought further instruction of the trial court with reference to punitive damages, thus it was quite apparent that there was a question in the minds of the jury with reference to the actual and punitive damages, but we have no way of knowing what this was.

As the jury returned no actual damages, the trial court did not err in striking the punitive damages, that is, in failing thereafter to award punitive damages in the judgment. See *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162); *Beverly v. Observer Publishing Co.,* 88 Ga. App. 490 (5) (77 SE2d 80); *Lary v. Gilmer,* 125 Ga. App. 604, 605 (188 SE2d 432); *Public Fin. Corp. v. Cooper,* 149 Ga. App. 42, 45 (6) (253 SE2d 435); *Snipes v. Leaseway of Georgia,* 150 Ga. App. 135, 137 (257 SE2d 40); *Cleary v. Southern Motors of Savannah,* 142 Ga. App. 163, 164-165 (1) (235 SE2d 623). While under Code § 105-2003 in some torts an aggrieved party (defendant/plaintiff in counterclaim) may seek vindictive damages for injury to the peace, happiness or feelings and in such cases no measure of damages can be

prescribed, except the enlightened conscience of impartial jurors, we do not find that the defendant (plaintiff in counterclaim) here sought this type damage but only actual and special damages and additional damages to deter the wrongdoer. See *Atlantic &c. R. Co. v. Bowen,* 125 Ga. 460, 462 (54 SE 105). We note, however, an aggrieved party (defendant/plaintiff in counterclaim) cannot recover compensatory damages for injury to peace, feelings and happiness and exemplary damages for wounded feelings because this would amount to recovery for double damages for if damages are sought under Code § 105-2003 any additional recovery under Code § 105-2002 would be a double recovery. See *Blanchard v. Westview Cemetery,* 133 Ga. App. 262 (211 SE2d 135); *Westview Cemetery v. Blanchard,* 234 Ga. 540, 546 (216 SE2d 776). Here it is quite evident that the defendant (plaintiff in counterclaim) did not seek vindictive damages in his pleadings, and the pretrial order does not reflect that same was being sought. In addition the plaintiff was contending that the grand jury had returned an indictment against the defendant for theft by conversion in a number of counts and the question of the existence of the want of probable cause and malice on the part of the agents of the plaintiff was being hotly contested. As the jury failed to return any sums for actual damages the trial court did not err in refusing to make an award of the punitive damages returned by the jury in rendering its judgment.

At the time the verdict was returned the attentions of counsel for both parties were called to it. Defendant now contends the trial court erred in failing to resubmit the case to the jury if the court was of the impression that a verdict for punitive damages only was illegal. The jury had been instructed as to the different types and forms of verdicts, and no objection to the form of the verdicts was made prior to the jury's deliberation or after the verdicts were returned by the jury which defendant now challenges. As defendant failed to object, defendant waived any complaints that the trial court should have sent the jury back for further deliberations. No abuse of discretion has been shown, and the defendant cannot ignore during the trial that which he thinks to be error or injustice and take his chances on that verdict and then complain later. See in this connection *Simmons v. Edge,* 155 Ga. App. 6, 8-9 (2) (270 SE2d 457). There was no requirement of the trial court to offer to further instruct the jury and resubmit the case with reference to the award of punitive damages. There is no merit in this complaint.

2. The next enumeration of error considered contends that the plaintiff in charging a service charge on the account in the name of W. L. Kelley such service charge or interest amounted to usury, and the trial court erred in refusing to grant a motion of the defendant to

strike the service charges or interest being computed upon the alleged open account at the rate of 18% per annum. Defendant contends that same was shown at the rate of 1 1/2% per month on the unpaid balance as to each building account, and as a matter of law same was usurious under Code Ann. § 57-111 (Ga. L. 1980, p. 514). The amendment to this statute in 1980 effective March 20, 1980, now reads that unless otherwise provided in writing, signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor, and the owner of the account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1 1/2% per month calculated on the amount owed from the date on which it became due and payable until paid.

The accounts in question were created prior to the amendment of 1980 to Code § 57-111. In addition, The Retail Installment and Home Solicitation Sales Act became law in 1967 (Code Ann. Ch. 96-9; Ga. L. 1967, pp. 659, 673, as amended 1970, pp. 98, 100). Yet, there is some doubt as to this law applying to this customer, that is, requiring him to pay the 18% per annum interest rate on the unpaid balance of his monthly bills. On each account the account stated referred to the 1 1/2% finance charge or current annual effective rate of 18% which would be added to the balance of the account if not paid by the 10th of each month. While there was no written application presented as to the customer seeking credit, it is quite evident that there was a continuous course of business dealings by and between the parties. Plaintiff argues that the defendant's action, in accepting the monthly statements without complaint, was an acceptance of the finance charge for doing business on credit.

The interest in question was being calculated under the terms of the open account at 1.5% monthly or approximately 18% annually. This rate of interest substantially exceeded the maximum interest permitted under the provisions of Code Ann. § 57-101 (Ga. L. 1975, p. 370; 1979, pp. 355, 356). The violation of Code Ann. § 57-101 would produce a forfeit of the entire interest charged. Code § 57-112.

However, as the amount of the verdict $22,795.75 corresponds to the penny with the plaintiff's evidence as to charges for materials delivered prior to the addition of any interest (also called service charges) charges we find it reasonable to infer that the verdict contains no award of interest to plaintiff. The trial court's error, if any, was harmless. See Code § 110-105.

3. Defendant next contends that there was insufficient evidence to establish a jury question as to a formation of a contract by and between the plaintiff and the defendant with reference to the purchase of the goods. It is noted the accounts are all in the name of

W. L. Kelley and not W. L. Kelley, Inc. The evidence was sufficient to authorize the jury to consider that a contract had been established between the parties, and the plaintiff dealt with the defendant individually and not in his corporate capacity. Further, the corporate fiction (the piercing of the corporate veil) may be disregarded where the defendant has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility. See *Jones v. Cranman's Sporting Goods,* 142 Ga. App. 838, 841 (237 SE2d 402). If there is shown to be a unity of interest in ownership the separate personalities of the corporation and the owners no longer exist. *Trans-American Communications, Inc. v. Nolle,* 134 Ga. App. 457, 460 (214 SE2d 717). The jury being privy to all the evidence here with reference to whether or not the defendant W. L. Kelley and W. L. Kelley, Inc. were indeed separate entities it was a question of fact for the jury which was resolved adversely to the defendant. Consequently, the verdict should not be disturbed. See *Page v. Page,* 217 Ga. 606 (1), 608 (123 SE2d 922); *Midtown Properties v. George F. Richardson, Inc.,* 139 Ga. App. 182, 185 (228 SE2d 303). Compare *Florida Shade Tobacco Growers v. Duncan,* 150 Ga. App. 34, 35 (256 SE2d 644). There is no merit in this complaint.

4. During the trial an attorney was called as an expert witness with reference to the dispute between plaintiff and defendant in which the warrants were taken out by an agent of the plaintiff for theft by conversion as to building materials based upon sworn affidavits of the defendant to the lender (the construction loan) that all materials had been paid. This phase of the case had to do with the probable cause issue as to the malicious prosecution between plaintiff and the defendant. The statute in question was Code Ann. § 26-1808.1 (Ga. L. 1976, pp. 1456, 1457) with reference to the crime of theft by conversion of payments for property improvements which clearly states that failure to pay for material furnished for property improvements "shall be prima facie evidence of intent to defraud." During the examination of the lawyer, as an expert, he was asked a hypothetical question that assuming the bill was outstanding and defendant did not pay it was defendant in violation of the Code section as written. The witness was allowed to testify, over objection, as an expert that the language "prima facie" is equivalent of "having reason to believe, or having proper cause to believe that a given offense has been committed." The answer of the lawyer expert was "[t]hat's a way of phrasing it, yes sir." The objection of the defendant was that it called for a conclusion "which is for the ultimate determination of the jury." We believe, however, that the question is based on facts in the record and the meaning of "prima facie" to

which the lawyer witness might answer as to his knowledge of its meaning. The witness was properly allowed to explain to the jury as to his knowledge of the term "prima facie." See *Robinson v. State,* 158 Ga. 47 (122 SE 886); *Bland v. State,* 210 Ga. 100, 103 (78 SE2d 51).

As to the argument that this Code section setting forth the crime is unconstitutional, the trial court did not err in interpreting *State of Ga. v. Hudson,* 247 Ga. 36 (273 SE2d 616), as holding the statute constitutional as the Supreme Court reversed the trial court which had held Code Ann. § 26-1808.1, supra, unconstitutional under the equal protection and due process clauses of the state and federal constitutions. There is no merit in this complaint for the statute is constitutional until held to be unconstitutional.

The trial court correctly charged on the statute, that is, Code Ann. § 26-1808.1, supra, with reference to theft by conversion of payments for property improvements. The contents of same were read to the jury that a failure to pay for materials or labor furnished for such property improvements shall be prima facie evidence of intent to defraud. In *State of Ga. v. Hudson,* 247 Ga. 36, 37, supra, based upon the attack therein made, the Supreme Court held that the trial court erred in holding the statute unconstitutional on its face. Until such time as this statute is declared to be unconstitutional, the trial court did not err in charging it was "in full force and effect." There is no merit in this complaint.

5. The trial court did not err in disallowing certain exhibits reflecting other business operations with reference to W. L. Kelley, Inc. as being unrelated to the incident in question. This evidence was irrelevant and immaterial to the issue involved, and there is no merit in this complaint. In this connection see *Brooks v. State,* 55 Ga. App. 227 (189 SE 852). In addition the error, if any, was harmless for a witness involved in the exhibits had previously testified that he had been paid by W. L. Kelley, Inc. and had acted for W. L. Kelley, Inc. which was substantially the same evidence in documented form which was excluded. See *Faw v. American Appraisal Co.,* 89 Ga. App. 62 (2) (78 SE2d 846); *Fields v. State,* 88 Ga. App. 770 (3) (77 SE2d 751). The purpose of the exhibits was to show that the defendant was continuously throughout the construction, operating as a bona fide business corporation and not building houses as an individual. He was allowed to prove this through the testimony of the witness. Since substantially the same or similar evidence was already before the jury, the trial court did not err in excluding the documentary evidence with reference to same.

6. The trial court instructed the jury that the return of an indictment or presentment by a grand jury, while not conclusive, is prima facie evidence of the existence of probable cause and further

that officers of the court are presumed to have acted legally and in the performance of their sworn duties. Defendant contends that in giving this portion of the charge, with reference to the law that officers of the court are presumed to have acted legally and in performance of their sworn duties, unduly emphasized that plaintiff's attorney was presumed to have acted legally and in the performance of his sworn duty in advising his client to swear out the warrants against the defendant. Whether or not this portion of the charge had reference to the members of the grand jury or the attorney is not clear, however, the court clearly instructed the jury that the advice of counsel did not protect "the plaintiff [defendant in counterclaim] in a suit for malicious prosecution, but you may consider it on the question of malice and probable cause, and if you should find that the counterclaimant is entitled to recover in the mitigation of damages." The court then further instructed that an arrest without probable cause when maliciously made shall give a right of action to the party arrested. We find no merit in this complaint.

7. Where a witness was not called during the trial in chief and remained in the courtroom there being a rule of sequestration in effect the trial court is vested with a broad discretion in allowing that witness to testify in rebuttal. As this occurred here and the trial court instructed the jury to limit the scope of the testimony of this witness to rebuttal testimony we do not find the trial court abused its discretion in permitting this witness to testify. Further, the defendant has failed to show any actual harm flowing from the use of the witness. If there was any error it was harmless. See *Silas v. State,* 133 Ga. App. 560, 562 (211 SE2d 609); *Barnes v. Cornett,* 134 Ga. App. 120, 122 (5) (213 SE2d 703); *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 666 (7) (222 SE2d 162). There is no merit in this complaint.

8. Whether or not a witness is asked a leading question does not require a new trial where like testimony from the same witness is later admitted by the court. *County of Butts v. Hixon,* 135 Ga. 26, 27 (2) (68 SE 786); *Denson v. State,* 209 Ga. 355 (2) (72 SE2d 725). We find no merit in this complaint.

9. The remaining enumerations of error are all concerned with the trial court's failure to give certain written requests to charge. Three of these are that a grand jury's return of an indictment against the party is prima facie evidence of the existence of probable cause but not conclusive evidence that probable cause existed; that a principal is responsible for the torts of its agents or attorneys acting in its behalf; and that the plaintiff had utilized the criminal side of the court through its agents in an effort to force the payment of a civil claim and the conduct of attorneys prohibits the recommending of a criminal course of action in order to collect a debt in violation of the

canon of ethics of attorneys. All of these requests are argumentative being more favorably stated in verbage favorable to the defendant, or were given by the trial court although not verbatim as requested. We find no merit in these complaints. See *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905); *Ray v. Parcel Delivery Co.,* 155 Ga. App. 531, 532 (3) (271 SE2d 670); *Caraker v. Brown,* 152 Ga. 677, 678 (3) (111 SE 51); *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8 (264 SE2d 507).

The trial court charged with reference to a business corporation being a legal entity, that is, that a corporation is an artificial person created by law and can only act through its officers and agents. The trial court thus charged the substance of defendant's written request although not in the language requested. The request also was somewhat argumentative and prejudically slanted toward the defendant. See *Caraker v. Brown,* 152 Ga. 677, supra; *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8, supra; *Hardwick v. Price,* 114 Ga. App. 817 (3), supra.

The trial court also charged as to wrongful interference with defendant's business. This request, which was not given verbatim was also somewhat argumentative and more favorable to the defendant.

The written request to charge that to impute the crime of theft to a person is actionable per se without proof of special damages, as taken by the defendant from the case of *Melton v. Bow,* 241 Ga. 629, 631 (247 SE2d 100), states a correct principle of law as set forth therein, but it is an excerpt from a libel case which was outside the scope of the deliberations of the jury here which did not involve libel. It was not adjusted to the facts and issues in this case so as to make it mandatory that the court give it in addition to the other instructions covering the general principles of law of the case. See *Atlanta Metallic Casket Co. v. Hollingsworth,* 107 Ga. App. 594, 595 (4), 599 (131 SE2d 61). Further, in the *Melton v. Bow* case, wherein the Supreme Court affirmed this court in 145 Ga. App. 272 (243 SE2d 590), the jury returned a verdict for a lump sum. In the case sub judice the special verdicts submitted to the jury contained separate findings for the jury to return actual damages and punitive damages.

Another written request involved ratification, that is, that the corporation adopted the acts of its agents and attorney. However, this request is inapt in that the corporation did not later ratify the acts of its agents but it appears that the actions of the agent and attorney were the actions of the corporation since, as charged by the court, it can only act through its officers and agents, the court charging that while there was no liability for the malicious acts of its agents unless such acts are expressly authorized or within the scope of

the agent's duties or were in themselves violations of a duty owed by the corporation to the party injured, or such acts are ratified by the corporation. It is quite clear that the trial court did, in fact, give the substance of the written request as made by the defendant.

Another written request was a charge that damages may be recovered against a corporation for torts involving malicious prosecution for the wrongful acts of its servants, agents and employees done in the course of their employment. The trial court charged that the plaintiff (defendant in counterclaim) would not be protected in accepting the advice of counsel in any suit for malicious prosecution, and the jury might consider same on the question of malice and probable cause. The court then fully charged with reference to malicious arrest, malice and want or lack of probable cause, and the trial court did not err in failing to give the charge in the language requested. Further, the charge was unduly argumentative and if given as requested would have needlessly prejudiced the plaintiff's contentions and rights. See *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8, supra. The substance of the charge is also fully covered elsewhere by the trial court's charge on corporate liabilities.

We next consider a written request that wrongful interference with a person's employment, trade or calling is a property right for which an action may be brought for damages and one may not disturb another's business for the sake of compelling him to do an act which in his judgment is contrary to his best interests. In charging the contentions of the parties, that is, that the defendant in his counterclaim contended he had been damaged, the court fully charged that malicious injury to the business of another will give a right of action to the injured party. It was not necessary that the court charge in the language requested when the principles as requested are covered by the charge as given. See *Sullens v. State,* 239 Ga. 766, 767 (4) (238 SE2d 864); *Serrano v. State,* 146 Ga. App. 781, 784 (247 SE2d 593); *Dotson v. State,* 231 Ga. 15, 16 (200 SE2d 104).

The request to charge with reference to a principle of law taken from a restatement of the law of torts was substantially covered in the court's charge with reference to business interference, and there is no merit in this complaint in failing to give this charge in the language requested.

The remaining three enumerations of error have reference to the refusal to give written requests to charge with reference to punitive damages which were covered by the court in giving the substance of Code § 105-2002 that in every tort there may be aggravating circumstances, either in the act or in the intention, and in that event the jury may award additional damages, either to deter the

wrongdoer from repeating the trespass, or as compensation for the wounded feelings of the counterclaimant, and that aggravated damages (punitive) may be authorized when the circumstances of the wrong are such as to show an entire want of care and indifference to the consequences.

As to the imposition of punitive or exemplary damages it likewise was covered in the general principles given by the trial court, and if these charges had been given in addition to the charge as given it would have made the court's charge repetitious and more favorable to the defendant.

Needless to say we have read the numerous written requests which were generally covered in the court's charge as given, and we find no merit in defendant's complaints in that the court has fully charged substantially as to these requests in the general charge. To have given same in the language requested in most instances would have amounted to instructions that would be argumentative and prejudicially in favor of the defendant; and we find no merit in any of them.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 8, 1982.

*James R. Dollar, Jr.,* for appellant.
*Wallace C. Clayton, Samuel P. Pierce, Jr., Sergio Alvarez-Mena III,* for appellee.