74643. STUDDARD v. THE STATE.
(363 SE2d 837)

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of armed robbery. He appeals. *Held*:

1. Defendant contends the trial court erred in refusing to give his requested charge on the lesser offense of theft by taking. In this regard, defendant argues that the theft by taking issue was raised by his testimony and that the refusal of the trial court to charge the jury on that issue deprived him of his sole defense. We disagree.

The evidence relied upon by the State can be summed up from testimony by the victim, assistant manager of a Majik Market, as follows: "I noticed the feet coming, the lower part of the person. I looked up and I seen his mask and sunglasses; and when he come in the door he had the gun on me. He says, give it to me. I said, give you what. He said give me all your money, and I mean all your money . . . I said, I don't know how you want it, but here it is. I opened the cash drawer and set the cash drawer, the inside of the cash drawer, on the counter. He picked it up and he backed out with the gun." It was about 2:15 a.m.

The victim recognized defendant's voice because she had had previous problems with him. On other occasions, defendant picked up items in the store and left without paying for them. Defendant's mother or grandmother paid for the items on those occasions.

Defendant testified on his own behalf. He acknowledged that he entered the Majik Market in the early morning hours with a bandanna and sunglasses on his face, and admitted that he made a demand for the money: "I said, give me the money, I want the money . . . She gave it to me. She just handed me the cash drawer." He denied that he used a gun; but he admitted that he had one on his

person: "I had the gun in my back pocket. I didn't pull the gun out."

In our view, the evidence did not warrant a charge on the lesser offense of theft by taking. Although defendant denied pointing a gun at the victim, he admitted that he entered the Majik Market at a wee hour, that his face was covered and that he demanded the money in the cash register. This evidence is indicative of robbery by intimidation; it does not suggest theft by taking: "Intimidation is constructive force, 'and where property is extorted by fear, it is robbery, although it be taken under color of a gift.' See *Long v. State*, 12 Ga. 293, 320, 321. We quote further from this case (p. 321): 'The taking must be against the will of the person robbed, yet it may seem to be with his consent, when it is really delivered from fear. If it is apparently voluntary, yet from the facts and circumstances it is from fear, it is still robbery.' In *Johnson v. State*, 1 Ga. App. 729, 730 (57 S. E. 1056), Judge Powell quotes from the *Long* case as follows: 'The rule laid down gives the safest criterion for their ascertainment, that is, the circumstances of terror are such as in common experience are likely to create apprehension of danger. If, according to common experience, the apprehension of danger, growing out of the circumstances, is so great as to constrain a man to part with his property for the safety of his person, then they are sufficient to make the taking violent, and a robbery. The place, the time, and the number of the assailants are to be considered — as a retired place, at night, and a number so great as to make the idea of resistance impracticable. . . . Threats by word or gesture are of themselves sufficient to imply violence, and are the most usual means of intimidation.' " *Edenfield v. State*, 41 Ga. App. 252, 254-255 (152 SE 615).

The trial court instructed the jury on the lesser included offense of robbery by intimidation. Since evidence of theft by taking was lacking, it cannot be said that the refusal to charge the jury on theft by taking was error. *Grant v. State*, 161 Ga. App. 403, 404 (4) (288 SE2d 118). Compare *Hensley v. State*, 228 Ga. 501, 502 (2) (186 SE2d 729). "A charge which is not applicable to the facts should not be given. *Collins v. Dixon*, 72 Ga. 475 (2) (1884)." *Todd v. State*, 149 Ga. App. 574, 575 (2) (254 SE2d 894).

2. Defendant assigns error upon the refusal of the trial court to charge the jury: "[A]n essential element of an armed robbery is that an offensive weapon be used concomitant to a taking which involves the use of actual force or intimidation against another person. The mere presence of an offensive weapon is insufficient. The State must prove this element beyond a reasonable doubt. If the State fails to do so, then it is your duty to return a verdict of not guilty as to armed robbery." We find no error.

The trial court charged the language of the armed robbery Code section: "A person commits the offense of armed robbery when, with

intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). The court also instructed the jury that it was the State's burden to prove each and every element of the offense beyond a reasonable doubt.

The language of the Code section "clearly contemplates that the offensive weapon be used as a concomitant . . ." *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30). Coupled with the trial court's charge on the burden of proof, it fairly covered defendant's request. *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218).

3. In his final enumeration of error, defendant contends that an in-custody statement made approximately one hour after his arrest was admitted into evidence improperly. In this regard, defendant argues that the statement was not made voluntarily because his state of mind was altered by drugs and alcohol. In view of the investigating officer's testimony that defendant responded coherently to questioning, that he appeared to know what was occurring, that no odor of alcohol emanated from his person and that he did not appear to be under the influence of drugs, it cannot be said the trial court erred when it determined that defendant's statement was admissible. *Durden v. State*, 250 Ga. 325, 327 (2) (297 SE2d 237); *Stephens v. State*, 170 Ga. App. 342, 343 (317 SE2d 627).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., Banke, P. J., Carley, Pope, Benham and Beasley, JJ., concur. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

I respectfully dissent. The majority holds that the evidence in this case is indicative of robbery by intimidation, and does not suggest theft by taking. This overlooks the fact that appellant's sole defense was that he committed theft by taking, not armed robbery. Further, I find no evidence of intimidation in the record. The victim did not testify that she was frightened or intimidated by appellant; on the contrary, she recognized appellant, who had come in the store on previous occasions and taken items without paying for them. On those occasions, appellant's grandmother or mother would pay for the items.

Our Supreme Court has held that OCGA § 16-8-41 (a), which defines the offense of armed robbery, "clearly contemplates *that the offensive weapon be used* as a concomitant to a taking which involves the use of actual force *or* intimidation (constructive force) against another person." (Emphasis supplied.) *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974); *Young v. State*, 251 Ga. 153, 157 (303 SE2d 431) (1983). Since appellant was tried for a violation of § 16-8-41 (a), robbery by actual force *or* intimidation would involve use of the

weapon. Id. Therefore, appellant's testimony that he did not use a weapon could only raise the issue of theft by taking.

As stated by this court in another case, "[w]hile we, like the trial court or jury, might find [appellant's testimony] incredible, issues of credibility are for the factfinder, the jury, not for the court as a matter of law. The failure to give the requested charges which in reality formed the basis of [appellant's] sole defense, effectively removed this issue from the jury's determination. 'An instruction which, while stating the nature of the charge or of the evidence against the accused, omits to charge the jury as to the defense set up by him is error, unless the defense upon which the accused relies is properly submitted to the jury in other parts of the charge . . . . Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will . . . do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial.' [Cit.]" *Anglin v. State,* 182 Ga. App. 635, 637 (2) (356 SE2d 564) (1987).

Since appellant's sole defense was that he committed the offense of theft by taking, not robbery, the trial court's failure to give his requested charge on the lesser offense effectively withdrew appellant's defense and deprived him of his right to a fair and impartial trial. Id. Accordingly, I would reverse appellant's conviction and remand the case for a new trial.

DECIDED DECEMBER 2, 1987 —
REHEARING DENIED DECEMBER 16, 1987 —

*John W. Lawson, Stephen P. Fuller,* for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Barbara Conroy, Assistant District Attorneys,* for appellee.