A92A1384. BANKSTON v. THE STATE.
(424 SE2d 321)

COOPER, Judge.

Appellant was convicted by a jury of robbery by use of force, intimidation, threat or coercion and giving a false name to a police officer. He appeals from the denial of his motion for new trial.

The evidence adduced at trial reveals that the victim was walking to her car after leaving work at a local mall and was approached by two men as she opened the door to her car. One of the men demanded her purse, and the other man, subsequently identified by the victim as appellant, ordered the victim to give him her car keys. Appellant then shoved the victim and told her to get into her car, and the two men ran away while the victim screamed for help. A man hearing the victim's screams chased the men until the man with appellant pulled out a gun. Appellant and the man got into a car driven by a female who drove away. Several police officers who had been alerted about the incident began to follow the car, and the occupants of the car subsequently abandoned the car and fled on foot into an office park. An officer saw one of the male suspects throw a shiny object into some brush. All of the suspects were subsequently captured, arrested and charged with robbery. At the police station, each of the suspects was charged with giving a false name to a police officer. The victim's

purse was found inside the car the suspects abandoned, and a gun and the victim's checkbook were found in the area where the suspects were chased. Both co-defendants entered guilty pleas to the charges.

1. Appellant first contends that the trial court erred in denying his motion for directed verdict of acquittal on the robbery charge because there was no evidence that he used force during the commission of the robbery. "The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the 'essential elements of the crime beyond a reasonable doubt.' [Cit.]" *Garmon v. State*, 192 Ga. App. 250 (384 SE2d 278) (1989). The victim testified that she was intimidated by the men who demanded her purse and that she gave them the purse because she believed she would be physically hurt if she did not comply. " 'Intimidation is constructive force, "and where property is extorted by fear, it is robbery. . . ." [Cit.]' " *Studdard v. State*, 185 Ga. App. 319, 320 (1) (363 SE2d 837) (1987). A rational trier of fact could have found appellant guilty of robbery by force and intimidation beyond a reasonable doubt, and the trial court did not err in denying appellant's motion for directed verdict of acquittal.

2. Appellant objected to the admission of the ammunition removed from the gun found by police officers and photographs showing the area where the victim's checkbook was found. Specifically, appellant argues that the ammunition was not relevant to the State's case against him because it was taken from a gun belonging to the co-defendant and the photographs were not relevant because appellant was not arrested in the area where the victim's checkbook was found. The State's theory was that appellant and his co-defendants acted in concert to commit the robbery. The ammunition proved that the co-defendant was armed during the robbery, and the photographs showing the stolen checkbook in the vicinity of the arrest of one of the co-defendants was circumstantial evidence of appellant's guilt. " ' "[I]t is well settled that all of the circumstances connected with an accused's arrest . . . are admissible as evidence at trial. . . ." [Cit.]' [Cit.]" *Thompson v. State*, 168 Ga. App. 734, 735 (2) (310 SE2d 725) (1983). We find no merit to appellant's argument that the evidence was not relevant.

3. Appellant enumerates the general grounds. As noted in Division 1, the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 27, 1992.

*Boykin & Cobham, Jerry Boykin,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.