## A92A1660. FELTS v. THE STATE.
(427 SE2d 25)

JOHNSON, Judge.

Donald Wayne Felts was tried by a jury and convicted of aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. He entered a guilty plea to the charge of possession of a firearm by a convicted felon.

1. Felts complains that the trial court erred in allowing into evidence various statements and other items of evidence which he asserts were obtained without a knowing and voluntary waiver of his constitutional rights. In his brief, Felts argues that agents of the Georgia Bureau of Investigation and police officers at the scene "were hoping to take advantage of his intoxicated condition and obtain statements from him. . . ." This argument is controverted by Felts' own testimony at the motion to suppress hearing held immediately before trial. The colloquy at the hearing related to this issue was as follows:

"DISTRICT ATTORNEY: Were you aware of what was going on around you?

FELTS: Yes, sir.

Q. When the officers read to you the — when Agent Kaplan read

you the *Miranda*[1] rights, did you understand what he was reading to you?

A. Yes, sir.

Q. Did you understand what you were signing when you signed the waiver of the *Miranda* rights?

A. Yes, sir.

Q. Did you understand what you were signing when you signed the waiver of rights to search your house?

A. Yes, sir."

All of the officers and agents testified that although they could smell alcohol on Felts' breath, he was articulate, enunciated clearly, and that his motor skills were not impaired. Based on his own testimony, and that of the other witnesses, we conclude that the trial court did not err in finding that Felts made a knowing and voluntary waiver of his rights. See *Durden v. State*, 250 Ga. 325, 327 (2) (297 SE2d 237) (1982); see also *Studdard v. State*, 185 Ga. App. 319, 321 (3) (363 SE2d 837) (1987) (where a suspect is coherent and his demeanor indicates that he understands his rights and has waived those rights, intoxication will not be a defense).

Felts also argues that certain statements voluntarily made by him *prior* to being administered his rights should have been disallowed. First, we note that Felts said nothing at that juncture that he did not repeat following the administration of his *Miranda* rights. "*Miranda* warnings 'are required only when a *law enforcement officer* initiates questioning of an individual who has been taken into custody or otherwise significantly deprived of his freedom.' 'The issue of custody involves an objective standard: Would a reasonable person in the defendant's situation have believed that he was physically deprived of his freedom of action in any significant way? If not, he is not subject to the compulsive atmosphere of an actual arrest, and *Miranda* does not apply.'" (Citations omitted.) *State v. Walker*, 204 Ga. App. 1, 2 (418 SE2d 384) (1992). Perhaps in order to satisfy his own curiosity, Felts got into his truck and began driving off the property. None of the officers attempted to stop him. As Felts' activities establish that he was not in custody, we do not find that the trial court erred in allowing the admission of the statements.

2. Felts also asserts that a rational trier of fact could not have found evidence beyond a reasonable doubt that he possessed the requisite intent to commit the crimes of aggravated assault and aggravated battery. In a statement given to police some hours after the incident, Felts admitted: "Mike (the victim) was being real loud, and I had enough. I grabbed my rifle (.22 caliber) from behind the front

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

door of the living room and pointed it at Mike. I asked Mike if I was going to have to shoot him and called him a son of a bitch to quiet him down. The rifle went off. I really didn't realize I had pulled the trigger. I believe I shot about 5 times on the porch. I know I hit Mike one time on his left shoulder. . . . I remember I kicked Mike twice with my snake skin cowboy boots, but mostly I hit Mike with my fist." This version of the facts was corroborated by an eyewitness to the events. As the jury was correctly charged in this case: "(Intent) may be inferred from the proven circumstances or by acts and conduct, or it may be in your discretion inferred when it is the natural and necessary consequences of an act." Viewing the evidence in the light most favorable to the verdict, we find the evidence and all reasonable deductions therefrom are such that a rational trier of fact could have found that Felts possessed the requisite intent and was guilty of aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 4, 1993.

*Herbert W. Benson*, for appellant.
*David E. Perry, District Attorney, Melinda I. Ryals, Assistant District Attorney*, for appellee.